HENRY R. REED

*v.*

JOHN J. ROCHFORD et al.

[Filed October 4th, 1901.]

A mortgage given for a precedent debt on property on which altera-
tions are being made, without notice thereof, is a mortgage in good faith,
within the Mechanics' Lien act, so as to entitle it to priority over the
mechanic's lien subsequently filed.

The complainant filed a bill in this cause to foreclose a mort-
gage of $2,000. The question now litigated involves the relative
priorities of this mortgage and a mechanic's lien; filed by Frank
J. Souder against the mortgaged premises. The mortgage was
executed on February 15th, 1900, and recorded March 14th,
1900. It was made by John J. Rochford to Allan D. Endicott.
It was assigned by Endicott to Henry R. Reed, the complainant,
on June 11th, 1900, for the sum of $2,000, which was then paid.

On February 10th, 1900, John J. Rochford contracted with
Frank J. Souder for certain alterations in the building upon the
mortgaged premises to be made by the latter. On September
14th, 1900, Souder filed a mechanic's lien for the said work,
upon which lien judgment against the owner and builder was
entered in the Atlantic circuit court on December 19th, 1900,
for the sum of $10,413.12. The mortgagee was a party to the
action and filed a plea, the issue raised by which is still unde-
termined.

The mortgage was given to Judge Endicott in payment of $100 for previous professional services; the mortgagee also received $400 as a loan previous to the execution of the mortgage; $1,000 were paid the day after the assignment was made to Mr. Reed, and the balance about thirty days thereafter. The work on the alterations beginning on March 8th, 1900, continued until June 30th following.

*Mr. George A. Bourgeois,* for the complainant.

*Mr. William I. Garrison,* for the defendant.

REED, V. C.

It appears that $500 were due to Judge Endicott, to secure which this mortgage was in part made. About June 12th, 1900, another $1,000 was advanced on the mortgage, and about July 12th, 1900, $500 more. The last $1,900 was advanced after the alterations were begun, but before the mechanic's lien was filed. It appears that the mortgage was given in part for future advances. Rochford swears that the instrument was given to Judge Endicott for moneys that he had advanced and what he would advance. The mortgage was, therefore, so far as the testimony discloses, given to secure $2,000, a part of which, by a cotemporaneous parol agreement, was to be advanced after its execution and delivery.

Such a mortgage is a potential lien for the full amount of the advances contemplated. It is not necessary that it shall appear upon the face of the mortgage that it is to secure future advances, so long as the advances are not in excess of the amount to be secured as stated in the instrument itself. *1 Jones Mort.* §§ *374, 376; Griffin* v. *New Jersey Oil Co., 3 Stock. 49, 52; Bell* v. *Fleming's Executors, 1 Beas. 13.* Is this mortgage, in its entirety, a lien prior to the mechanic's lien? As already observed, the lien claimed by the mechanic is for alterations. The tenth section of the revised Mechanics' Lien act of 1898 (*p. 538*) provides that liens for repairs and alterations shall not be valid against a *bona fide* purchaser or mortgagee before such lien is filed in the office of the clerk of the proper county.

Reed *v.* Rochford.

The fact that, at the date when the advancements were made, the alterations were in progress, does not destroy the *bona fides* of the mortgage. There is no evidence whatever that the mortgagee had actual knowledge of the fact. In the case of an erection or an addition, notice is imputed to any subsequent encumbrancer as soon as anything is done which would apprise an observer that a building is commenced. Knowledge is imputed to everyone who might see, if he looked, that which would notify him of the commencement of the erection or addition.

But, in cases of reparation or alteration, it requires actual notice of the beginning of such work before a subseqeunt mortgagee or purchaser is subordinated to a lien for such work. Filing of the contracts for such work is not notice. In the absence of such actual notice, all moneys advanced before the actual filing of the mechanic's lien are secured by this mortgage.

Nor does the fact that the $100 for professional services and the $400, the amount of the previous loan, were a pre-existing debt at the time of the execution of the mortgage, render the mortgage, *pro tanto,* invalid as against the lien of the mechanic.

After some contrariety of decision as to whether a security given for a precedent debt is *bona fide,* it was definitely settled, in the case of *Knowles Loom Works* v. *Vacher, 28 Vr. 490,* afterwards affirmed by the court of errors, that a mortgage for a precedent debt without notice was *bona fide,* and that only where the statute requires that it should be not only *bona fide,* but for value, would the fact that it was given for an antecedent consideration affect it.

I will advise a decree in which the mortgage is given precedence over the mechanic's lien.